## THE PEOPLE *v.* CRISTY.

### APPEAL from the District Court of Humacao.

No. 74.—Decided December 21, 1905.

RAPE—VERDICT.—A verdict found by a jury in a prosecution for rape declaring the accused guilty of the crime with which he is charged, is perfectly clear and explicit and is not subject to the objection that it is defective in form.

ID.—OBJECTIONS TO VERDICT.—Objections to verdicts should be made in the trial court in order to give it an opportunity to correct the defects which may exist therein.

PUNISHMENT IMPOSED UPON ACCUSED.—Where the accused fears that the judge will be severe in the imposition of punishment, he should proceed in accordance with the provisions of sections 320 and 321 of the Code of Criminal Procedure.

The facts are stated in the opinion.

*Messrs. Díaz and Texidor* for appellant.

*Mr. Rossy, fiscal,* for The People.

MR. JUSTICE MACLEARY delivered the opinion of the court.

On the 29th of March, 1905, defendant in this case was accused, by information duly presented in the District Court of Humacao, of the crime of rape, which was charged to have been committed upon a girl under fourteen years of age, and by force and violence. He was duly arraigned on the 3d day of April following, and pleaded not guilty and demanded a jury. The jury was duly impaneled and the trial had on the 21st of July of the present year. The jury returned the verdict in the following form:

"The Honorable District Court of Humacao: We, the jury, find the accused, Rafael Cristy, guilty of the crime of which he is accused, and beg clemency for him. Humacao, July 21, 1905.—Carrociolo Carrasquillo, foreman."

The record contains only the information, arraignment, minutes of the court, instructions to the jury, the verdict, the judgment, and the notice of appeal. There was no motion for a new trial nor a bill of exceptions nor statement of facts shown in the record. Not even the stenographer's notes are attached in this case.

The appeal was duly filed in this court on the 7th of September, 1905. Counsel for the appellant asked for a reversal on two grounds: First, that the verdict is informal in view of the terms in which it is drawn; second, that no modifying circumstances of any kind existing, the punishment in its minimum grade should have been imposed.

When the form of the verdict is examined it is seen that the jury found the defendant guilty of the crime of which he was accused, thus referring to the information, which charges the defendant with rape; hence the verdict of the jury, when taken in connection with the information, is perfectly clear and explicit, and he is found guilty of rape as charged in the information. Although the form of the verdict is not such as to be used as a model, still it is not liable to the objection made by counsel in this court. If any exception could have been taken to the verdict, it should have been made in the court below at the proper time, so that it could have been corrected if necessary. (*People* v. *Manners*, 70 Cal., 429.)

The second point is equally untenable. Our law confides to the judge the fixing of the punishment, and the term of imprisonment, after the verdict of guilty has been returned by the jury. (See section 319 Code of Criminal Procedure.) If the defendant feared that the judgment might be too severe, he should have proceeded, after the verdict and before sentence, in accordance with sections 320 and 321, to take

measures to secure a light sentence. This matter was fully discussed and decided in the case of *The People of Porto Rico v. Rafael Brenes,* at this term of court, on the 18th day of this month. (See said case and authorities there cited.)

There being nothing in this record to show any fundamental error incurred by the court on the trial of this case, the judgment rendered by the District Court of Humacao on the 26th of July, 1905, should be in all things affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández and Figueras concurred.

Mr. Justice Wolf did not sit at the hearing of this case.